# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1648V

| | | |
|---|---|---|
| JOSEPH DELORY, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 2, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.

*Sara DeStefano*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 2, 2021, Joseph Delory filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleged that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine that he received on August 29, 2018. *Id.*

The matter was originally assigned to the Special Processing Unit (the "SPU"), because it alleged a SIRVA (and was therefore deemed likely to settle). Respondent, however challenged entitlement, leading to its reassignment out of SPU and to my non-SPU docket. A decision

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

dismissing the petition was issued on July 17, 2025, and that determination was not appealed. *See* Decision, dated July 17, 2025 (ECF No. 35). (the "Decision").

Petitioner has to date sought both an interim and final award of attorney's fees and costs. *See* Motion, dated May 20, 2025 (ECF No. 32) ("Mot. Interim Fees"); Motion, dated Aug. 26, 2025 (ECF No. 39) ("Mot. Final Fees"). But I did not rule on the earlier-filed interim request, and I shall address both motions in this single Decision. Combining the two motions, Petitioner requests **$39,856.92** (reflecting $36,386.50 in fees, plus $3,470.42 in costs) for the work of attorney Randall Knutson and paralegals. Mot. Interim Fees at 1; Mot. Final Fees at 1. Respondent reacted to the interim fee request on June 3, 2025, and to the final fees request on August 29, 2025. *See* Response, dated June 3, 2025 (ECF No. 34) ("Interim Resp."); Response, dated Aug. 29, 2025 (ECF No. 40) ("Final Resp."). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Interim Resp. at 2, 4; Final Resp. at 2, 4–5. Petitioner did not file a reply to either response.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$39,856.92**.

## ANALYSIS

### I.  Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find it possessed sufficient objective basis to entitle him to a fees and costs award. As noted when the matter was reassigned from SPU, the record contained clear evidence that Petitioner received both a covered and non-covered vaccine at the same time as his alleged SIRVA began, and that he had a documented allergy to the non-covered vaccine that might prevent establishing his claim. *See* Order, dated December 31, 2024 (ECF No. 29). However, despite the weakness of the claim overall (*see* Decision at 4-7), there was some possibility that a claim could have been tenable, especially since some SIRVA elements were met, such as onset, and given the evidence of a post-vaccination injury that theoretically could have been linked to receipt of the covered flu vaccine. Accordingly, I will allow an award of fees (although counsel is admonished to take more care in future matters not to file a petition where the record is so flimsy in supporting the elements of any possible claim).

## II. Calculation of Attorney Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

(Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 20115 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|
| **Randy Knutson (Attorney)** | $365.00 | $365.00 | $365.00 | $365.00 | $365.00 | $365.00 | $365.00 |
| **Paralegal** | $130.00 | $140.00 | $140.00 | $140.00 | $140.00 | $140.00 | $140.00 |

Exhibit Timesheets, filed May 20, 2025 (ECF No. 32-2) at 1–15; Exhibit Timesheets, filed Aug. 26, 2025 (ECF No. 39-2).

Mr. Knutson has been recognized to practice in forum, entitling him to commensurate rates established in *McCulloch*. *See Golding v. Sec'y of Health & Hum. Servs.*, No. 16-1132V, 2019 WL 3753273, at *2 (Fed. Cl. Spec. Mstr. July 18, 2019). The requested rate for Mr. Knutson is consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.5 *See Brooks v. Sec'y of Health & Hum. Servs.*, No. 18-1195 V, 2020 WL 6144797, at *2 (Fed. Cl. Spec. Mstr. Sept. 24, 2020). I will thus award the rates requested, along with all time devoted to the matter to date, since the total sum billed was not excessive, even in light of the claim's dismissal.

### III.   Calculation of Attorney Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining

medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $3,470.42 in outstanding costs for medical records, the filing fee, and mailings. ECF No. 32-2 at 16–26. These costs are typical in the Vaccine Program and thus eligible for reimbursement. Petitioner's costs shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motions for Attorney's Fees and Costs, awarding a total amount of **$39,856.92** (reflecting $36,386.50 in fees, plus $3,470.42 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.